CLERK'S OFFICE U.S DIST COURT
AT ROANOKE, VA
FILED

SEP 29 2005

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **RINEL FERDINAND,** | ) |
| Plaintiff, | ) Civil Action No. 7:06CV00564 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| **GENE M. JOHNSON, et al.,** | ) By: Hon. Glen E. Conrad |
| Defendants. | ) United States District Judge |

The plaintiff, Rinel Ferdinand, a Virginia inmate proceeding pro se, filed this civil rights action 42 U.S.C. §§ 1983, 1985, and 1986; the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc to 2000cc-5; and the Revised Organic Act, 48 U.S.C. § 1561. Having reviewed Ferdinand's allegations, the court concludes that he has failed to state a claim upon which relief may be granted. Accordingly, the court will dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).[1]

## Background

Ferdinand is a citizen of the United States Virgin Islands. He is presently serving a thirty-year sentence at Wallens Ridge State Prison, pursuant to an agreement between the Virgin Islands and the Virginia Department of Corrections (VDOC).

Ferdinand was transferred to Wallens Ridge on October 28, 2002. Since that time, he has been subject to the VDOC's grooming policy, Division Operating Procedure 864. Ferdinand alleges that he initially complied with the grooming policy. However, on July 18, 2003, he resumed practicing the requirements of his Rastafarian religion, including the requirement that he wear his hair in dreadlocks. Because dreadlocks violate the grooming policy, Ferdinand has

---

[1]This statute provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

received a variety of disciplinary penalties, including the following: isolation penalties; loss of contact visitation privileges; phone call restrictions; loss of commissary privileges; recreation restrictions; shower restrictions; and restrictions on electrical appliances.

In the present action, Ferdinand claims that the grooming policy violates the First Amendment, the Eighth Amendment, RLUIPA, and the Revised Organic Act. Ferdinand also claims that the defendants, Gene M. Johnson and A. David Robinson, violated 18 U.S.C. § 5003 and 42 U.S.C. §§ 1985 and 1986. For the following reasons, the court concludes that Ferdinand's claims are without merit.

## Discussion

1. <u>The grooming policy is constitutional.</u>

Although Ferdinand argues that the grooming policy violates the Free Exercise Clause of the First Amendment and the Eighth Amendment's prohibition against cruel and unusual punishment, the United States Court of Appeals for the Fourth Circuit has upheld the dismissal of the same claims challenging the constitutionality of the same grooming policy. In <u>DeBlasio v. Johnson</u>, 128 F. Supp. 2d 315 (E.D. Va. 2000), aff'd <u>Madison v. Johnson</u>, 12 Fed. Appx. 149 (4th Cir. 2001), the Court held that the policy does not violate the Free Exercise Clause, because it is rationally related to legitimate state prison interests of suppressing contraband, limiting gang activity, maintaining discipline and security, and preventing inmates from "quickly changing their appearance." <u>DeBlasio</u>, 128 F. Supp. 2d at 323. The Court also held that the policy does not violate the Eighth Amendment's prohibition against cruel and unusual punishment, because none of the repercussions for noncompliance are "outside the scope of ordinary discomfort accompanying prison life." <u>Id.</u> at 326. Based on the reasoning of the <u>DeBlasio</u> opinion, which

2

was affirmed by the Fourth Circuit, the court concludes that Ferdinand's constitutional claims must be dismissed.

2. The grooming policy is valid under RLUIPA.

Likewise, Ferdinand's RLUIPA claim is foreclosed by this court's recent decision in Ragland v. Angelone, 420 F. Supp. 2d 507 (2006) (Turk, J.) (aff'd Ragland v. Powell, 2006 U.S. App. LEXIS 19780 (4th Cir. Aug. 2, 2006)). In Ragland, the Court held that the grooming policy satisfies RLUIPA's strict scrutiny standard. Ragland, 420 F. Supp. 2d at 513. Specifically, the Court concluded that the grooming policy "furthers compelling penological interests in security, staff safety, inmate identification, and inmate health," and that the policy "accomplishes its purposes by the least restrictive means." Id. at 515, 520. Based on the reasoning of the Ragland opinion, which was also affirmed by the Fourth Circuit, the court concludes that Ferdinand's RLUIPA claim must be dismissed.

3. Ferdinand's conspiracy claims must be dismissed.

Ferdinand also contends that Johnson conspired to interfere with his civil rights, in violation of 42 U.S.C. § 1985(2) and (3), and that Robinson failed to prevent the conspiracy, in violation of 42 U.S.C. § 1986. However, Ferdinand's complaint contains insufficient allegations to state a claim under either statute. A properly asserted conspiracy claim under § 1985 must contain allegations of an agreement to violate the plaintiff's constitutional rights. Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995). The Fourth Circuit has "specifically rejected section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts." Id. at 1377. In this case, the plaintiff merely quotes language from § 1985 and does not identify any specific evidence of an agreement to violate his

3

civil rights. Consequently, the plaintiff's conspiracy claim under § 1985 is subject to dismissal. Moreover, because the plaintiff's § 1985 claim fails, his claim under § 1986 must be dismissed. See Trerice v. Summons, 755 F.2d 1081, 1085 (4th Cir.1985) ("A cause of action based upon § 1986 is dependent upon the existence of a claim under § 1985.").

    4.    <u>Ferdinand's remaining statutory claims are without merit.</u>

Ferdinand also attempts to state a claim under 48 U.S.C. § 1561.[2] However, § 1561 is inapplicable, since it pertains to due process rights in the Virgin Islands. See Willems v. Apt. Inv. & Mgmt. Co. AIMCO, 72 Fed. Appx. 700, 701 (9th Cir. 2003). Additionally, Ferdinand is not entitled to relief under 18 U.S.C. § 5003, another statute cited in his complaint, since it applies to state or territorial inmates transferred into federal custody.

## Conclusion

For the reasons stated, the court concludes that the plaintiff has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

**ENTER:** This 29th day of September, 2006.

                                                /s/ Jack Conrad
                                                United States District Judge

---

[2] Specifically, Ferdinand quotes the first paragraph of the statute, which provides that "[n]o law shall be enacted in the Virgin Islands which shall deprive any person of life, liberty, or property without due process of law, or deny to any person therein equal protection of the law." 48 U.S.C. § 1561.